IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IBRAHIM SHAIK, | |
|                 Plaintiff, | No. |
|   v. | |
| ERA INDUSTRIES, INC. | Judge |
|                 Defendant. | JURY TRIAL DEMANDED |

## COMPLAINT

Ibrahim Shaik ("Plaintiff"), through his attorneys, files this Complaint against ERA Industries, Inc. ("Defendant"):

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et seq.,* and the Illinois Minimum Wage Law ("IMWL") 820 ILCS 105/1, *et seq.,* for Defendant's failure to pay Plaintiff earned overtime wages.

2. This lawsuit also arises under 42 U.S.C. § 1981 ("Section 1981") for Defendant's discrimination against Plaintiff in the terms and conditions of his employment, including how he was paid and the hours he was required to work.

3. Defendant is a privately held company that machines and assembles parts for a variety of industries, including the aerospace and automotive industries.

4. Plaintiff has worked for Defendant since May 2011.

5. In the last three years, Plaintiff has worked as a quality inspector and shipping clerk.

6. During his employment, Plaintiff has regularly worked over forty (40) hours per week.

7. At all relevant times, Defendant has paid Plaintiff a salary.

8. At all relevant times, Defendant has misclassified Plaintiff as "exempt" from overtime.

9. At all relevant times, Plaintiff performed the same or similar duties as non-exempt, hourly-paid employees working as quality inspectors and shipping clerks.

10. The relevant difference between Plaintiff and Defendant's other quality inspectors and shipping clerks is Plaintiff's race and ethnicity: Plaintiff is from India and his race and ethnicity reflect his Indian ancestry.

11. By contrast, Defendant's other quality inspectors and shipping clerks were Hispanic or Caucasian.

12. Defendant's other quality inspectors and shipping clerks besides Plaintiff were paid overtime when they worked over forty (40) hours in one work week, and were required to work fewer hours per week than Plaintiff.

13. On multiple occasions during his employment, when Plaintiff worked less than a full day, Defendant deducted money from Plaintiff's salary.

14. At all relevant times, Defendant did not pay Plaintiff overtime compensation at one and one-half times his regular rate of pay when he worked more than forty (40) hours in individual work weeks.

15. Defendant's failure to pay Plaintiff overtime when he worked more than forty (40) hours in one or more individual work weeks violated the FLSA and IMWL.

16. Defendant also violated Section 1981 by requiring Plaintiff to work more hours

per week than its Hispanic and Caucasian quality inspectors and shipping clerks and by failing to pay Plaintiff overtime compensation, despite paying its Hispanic and Caucasian quality inspectors and shipping clerks overtime compensation.

## THE PARTIES

17. Plaintiff resides in and is domiciled in Mount Prospect, Illinois, which is located within this judicial district.

18. Defendant is an Illinois corporation.

19. Defendant's principal place of business is in Elk Grove Village, Illinois.

20. From approximately May 2011 to May 2013, Defendant employed Plaintiff as a machine operator.

21. From approximately May 2013 to the present, Defendant employed Plaintiff as a quality inspector.

22. As a quality inspector, Plaintiff's primary job duties include conducting first-level reviews of whether parts meet customer specifications and preparing reports and paperwork to document his observations.

23. Plaintiff's supervisors, including the Quality Control Manager and/or the Director of Quality, made the ultimate determination of whether parts satisfied customer specifications. Plaintiff did not have the authority to decide on his own whether a part met or did not meet customer specifications.

24. In addition, since approximately July 2016, Defendant also employed Plaintiff as a shipping clerk.

25. As a shipping clerk, Plaintiff's primary job duties include packing parts for shipping, preparing packing lists identifying parts within a shipment, and preparing certificates

of confirmation.

## JURISDICTION & VENUE

26. This Court has original jurisdiction over Plaintiff's FLSA and Section 1981 claims under 29 U.S.C. § 1331.

27. This Court has supplemental jurisdiction over Plaintiff's IMWL claim pursuant to 28 U.S.C. § 1367.

28. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1931(b)(2) because the events or omissions giving rise to Plaintiff's claims occurred within this judicial district.

## GENERAL FACTUAL AND LEGAL ALLEGATIONS

29. At all relevant times, Plaintiff was not exempt from overtime under the administrative, professional, or executive exemptions. 29 U.S.C. § 213(a)(1).

30. Plaintiff's primary job duties did not involve the exercise of discretion and independent judgment with respect to matters of significance.

31. Instead, in his quality inspector position, Plaintiff followed routine procedures and policies to record his observations of whether parts met customer specifications.

32. Plaintiff's supervisors – and not Plaintiff – exercised discretion and independent judgment over whether parts ultimately met customer specifications and decided what steps to take in response to that determination.

33. In his shipping clerk position, Plaintiff merely packed parts and prepared paperwork identifying parts that were being shipped.

34. Plaintiff did not have any managerial authority over other employees.

35. Plaintiff does not have an undergraduate or advanced degree.

36. Plaintiff's primary job duties as a quality inspector and shipping clerk do not require knowledge of an advance type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study.

37. Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

38. Plaintiff typically worked twelve (12) hours per day and six (6) days per week, as required by Defendant.

39. Plaintiff punched a time card each shift to record his time worked.

40. Defendant paid Plaintiff a salary and did not pay him one and one-half times his regular rate of pay for hours worked over forty (40) in individual work weeks.

41. However, on multiple occasions during his employment, when Plaintiff worked less than a full day, Defendant deducted money from Plaintiff's salary.

42. Unlike Plaintiff, Defendant's other quality inspectors and shipping clerks – who were Hispanic or Caucasian – were paid by the hour and were paid overtime for hours worked over forty (40) in individual work weeks.

43. Unlike Plaintiff, Defendant's other quality inspectors and shipping clerks – who were Hispanic or Caucasian – were not required to work twelve (12) hours per day and six (6) days per week, but where required to work at most five-and-a-half days per week, which amounted to fewer hours per week than Plaintiff was required to work.

## COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages

44. Plaintiff incorporates the above paragraphs of this Complaint in Count I.

45. Plaintiff asserts this claim for unpaid overtime wages pursuant to the FLSA. 29 U.S.C. § 216(b).

46. Plaintiff was an "employee" of Defendant as that term is defined by the FLSA. 29 U.S.C. § 203(e).

47. Defendant was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d).

48. Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

49. At all relevant times, Defendant's annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise taxes.

50. Although the primary duties performed by Plaintiff were non-exempt, Defendant willfully misclassified Plaintiff as exempt from the overtime provisions of the FLSA.

51. In addition to misclassifying Plaintiff as exempt based on his duties, Defendant also misclassified Plaintiff because it deducted money from his salary when he worked less than a full day.

52. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

53. As a result of Defendant's willful violations of the FLSA, Plaintiff has suffered damages by being denied owed overtime wages.

WHEREFORE, Plaintiff requests a judgment against Defendant as follows:

A. Judgment in the amount of one and one-half times his regular rate of pay for all hours Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime wages owed to Plaintiff;

C. Reasonable attorneys' fees and costs incurred in prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages

54. Plaintiff incorporates paragraphs 1-43 of this Complaint in Count II.

55. This count arises from Defendant's violation of the overtime provisions of the IMWL. 820 ILCS 105/4a.

56. Plaintiff was an "employee" of Defendant as that term is defined by the IMWL, 820 ILCS 105/3(d).

57. Defendant was Plaintiff's "employer" as that term is defined by the IMWL. 820 ILCS 105/3(c).

58. Although the primary duties Plaintiff performed were non-exempt, Defendant misclassified Plaintiff as exempt from the overtime provisions of the IMWL.

59. In addition to misclassifying Plaintiff as exempt based on his duties, Defendant also misclassified Plaintiff because it deducted money from his salary when he worked less than a full day.

60. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times his regular rate of pay for time worked over forty (40) hours.

61. Defendant did not pay Plaintiff one and one-half times his regular rate of pay for all time worked in excess of forty (40) hours per week.

62. Defendant violated the IMWL by failing to compensate Plaintiff at one and one-half times his regular rate for all time worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiff requests a judgment against Defendant as follows:

A. Judgment in the amount of one and one-half times Plaintiff's regular rate of

pay for all time Plaintiff worked in excess of forty (40) hours during individual work weeks;

B. 2% monthly interest pursuant to 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs incurred in prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Race Discrimination in Violation of 42 U.S.C. Section 1981

63. Plaintiff incorporates paragraphs 1-43 of this Complaint in Count III.

64. Section 1981 guarantees persons of all races the same right to make and enforce contracts, regardless of race. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

65. Defendant intentionally discriminated against Plaintiff based on his race and ethnicity in violation of Section 1981 by requiring him to work more hours than Caucasian and Hispanic workers performing the same job duties as Plaintiff.

66. Defendant also intentionally discriminated against Plaintiff based on his race and ethnicity in violation of Section 1981 by refusing to pay him overtime compensation while it paid overtime compensation to Caucasian and Hispanic workers performing the same job duties as Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court find against Defendant as follows:

A. Declare that Defendant violated Section 1981 by intentionally discriminating against Plaintiff based on his race;

B. Award Plaintiff the value of all compensation and benefits lost and that he will

lose in the future as a result of Defendant's unlawful conduct;

      C.      Award Plaintiff compensatory and punitive damages;

      D.      Award Plaintiff prejudgment interest and attorneys' fees, costs and disbursements, as provided by law;

      E.      Award Plaintiff equitable and injunctive relief as this Court deems just and proper to end the discrimination and fairly compensate Plaintiff; and

      F.      Award Plaintiff such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised in this Complaint.

Respectfully submitted,

Dated: October 18, 2016

s/Douglas M. Werman
One of Plaintiff's Attorneys

Douglas M. Werman - dwerman@flsalaw.com
Maureen A. Salas - msalas@flsalaw.com
Sarah J. Arendt - sarendt@flsalaw.com
Zachary C. Flowerree - zflowerree@flsalaw.com
Werman Salas P.C.
77 W. Washington, Suite 1402
Chicago, IL 60602
(312) 419-1008

*Attorneys for Plaintiff*